LOVE & KIRSCHENBAUM
A LIMITED LIABILITY LAW COMPANY

CHAD P. LOVE  1617-0
BARBARA J. KIRSCHENBAUM  5825-0
1164 Bishop Street, Ste. 1105
Honolulu, Hawaii  96813
Tel. No. (808) 546-7575
clove@lkhawaii.com
bkirschenbaum@lkhawaii.com

Attorneys for Defendant
EAN Holdings, LLC
dba Enterprise Rent-A-Car

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID W. SORENSON; SANDRA E. SORENSON,<br><br>Plaintiffs,<br><br>vs.<br><br>EAN HOLDINGS, LLC dba ENTERPRISE RENT-A-CAR; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE NON-PROFIT ENTITIES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10,<br><br>Defendants. | CIVIL NO. CV 22-121<br>(Motor Vehicle Tort)<br><br>NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446; EXHIBITS A-B; DECLARATION OF CHAD P. LOVE; CERTIFICATE OF SERVICE |

**NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. §§ 1332, 1441 AND 1446**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant EAN HOLDINGS, LLC dba ENTERPRISE RENT-A-CAR ("Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal ("Notice") of this action from the Circuit Court of the Third Circuit, State of Hawaii, to the United States District Court for the District of Hawaii.  The grounds for removal are discussed below.

A.    EXECUTIVE SUMMARY

On February 16, 2022, David W. Sorensen and Sandra E. Sorensen (collectively, "Plaintiffs"; individually, "Plaintiff D. Sorenson" and "Plaintiff S. Sorenson") commenced this personal injury action in the Circuit Court of the Third Circuit, State of Hawaii, designated as Civil No. 3CCV-22-0000051.  A true and accurate copy of the Complaint is attached as Ex. A.

**Timeliness.**  Defendant was served with, or otherwise received a copy of, the Complaint (Ex. A) on February 22, 2022.  (A Certificate of Service is attached as Ex. B.)  Pursuant to 28 U.S.C. §1446(b)(1) removal must be made "within 30 days after the receipt by the defendant, through service or otherwise" of the Complaint.  Said 30 days expires on March 24, 2022.  Accordingly, this Notice of Removal is timely.

**Diversity**.  There is diversity of citizenship among the parties and this Court has original jurisdiction under 28 U.S.C. § 1332(a).

That is, as alleged in the Complaint, Plaintiffs are citizens of Minnesota. (Ex. A, ¶1)

Per the U.S. Supreme Court's opinion in *Hertz Corp v Friend*, 559 U.S. 77, 130 S.Ct. 118, 1175 L.Ed.2d 1029 (2010), a corporate defendant is a citizen of where it was incorporated and also where its "nerve center" is. Defendant is incorporated in Delaware; and its "nerve center" is in Saint Louis, Missouri. (Declaration of Chad P. Love.)

**Claim over $75,000**. As shown in Plaintiff's demand letter, this case involves a matter in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs.

Therefore, pursuant to 28 U.S.C. § 1441(a), Defendant may remove this action to Federal Court.

B.   **ANALYSIS OF SUBJECT MATTER JURISDICTION**

1.   **Background Facts.**  On or about March 30, 2021, Plaintiff D. Sorenson was a passenger on a shuttle operated by an employee of Defendant EAN. Plaintiff D. Sorenson claims he hurt his knee as a result of the sudden stop of the shuttle. (A toddler darted out on the road and the driver had to avoid the child.) As a result of the incident, Plaintiff D. Sorenson alleges he has suffered, *inter alia*, severe and permanent injuries to his knee. (Complaint, Ex. A, ¶ 9.) Plaintiff S. Sorenson, wife, is making a garden-variety loss of consortium claim.

(Complaint, Ex. A, ¶13.) Defendant disputes any liability for Plaintiffs' alleged damages.

2.	**The Amount in Controversy Exceeds $75,000.**  In Plaintiffs' demand letter dated November 30, 2021, they offer to settle the case for "general damages" in the amount of $100,000. (Declaration of Chad P. Love.) This $100,000 valuation exceeds the threshold amount of $75,000 for removal.

It is well established that a plaintiff's settlement demand letter can be used and submitted to the Court to establish the $75,000 Federal Court's jurisdictional threshold. There is both a Hawaii Federal court case and a 9th Circuit Court case directly on point. Here are those cases and others:

*In Chung v. Safeway, Inc.*, 2018 WL 1794720 (D. Haw.2018), U.S. District Court Judge H. Gilmore expressly relied on plaintiff's settlement demand of $249,870 to establish that the case was over the $75,000 threshold and that jurisdiction was proper. Judge Gilmore stated the following, which relied on established Ninth Circuit law:

> The Amended Complaint does not seek a specific dollar amount in damages as Hawaii law prohibits ad damnum clauses. Haw. Rev. Stat. § 663–1.3(a). ***Defendant Safeway Inc. offers Plaintiff Chung's written settlement demand to show the amount in controversy exceeds $75,000. In the settlement demand, Plaintiff values her general damages at $249,870 and future medical expenses at $100,000. * * * *. The Ninth Circuit Court of Appeals has found that facts presented in a removal petition, such as a settlement letter,*** are relevant evidence of the amount in controversy if they appear to reflect a reasonable estimate of the plaintiff's claim at the time of removal.

- 4 -

*Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir.2004) (citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir.2003)); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (per curiam).  Court is satisfied that the amount in controversy exceeds $75,000. [*Id*. at *4 (emphasis added).]

In *Cohn v. Petsmart, Inc.*, 281 F.3d 837 (9th Cir.2002), plaintiff sued Petsmart, Inc. in state court for using his trademark.  Petsmart removed to Federal court based on diversity and the value of the claim being over $75,000.  To establish the "amount in controversy", defendant submitted a letter from plaintiff in settlement saying plaintiff's claim was worth more than $100,000.  Plaintiff objected to the removal and the use of the settlement letter.  The Federal District Court held that the settlement letter was admissible and relevant.  Plaintiff appealed.  The Ninth Circuit Court of Appeals affirmed and held:

> To support removal based on diversity jurisdiction, Petsmart has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. See *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996); 28 U.S.C. § 1332.  Petsmart relies on a single piece of evidence: a letter from Cohn to Petsmart offering to <u>settle the dispute</u>. the letter, he asserted that "the mark is worth more than <u>*$100,000*</u> to him" and demanded that amount in compensation.
>
> **<u>A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.</u>**  See *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 42830 (7th Cir.1997) (plaintiff's settlement offer is properly consulted in determining "plaintiff's assessment of the value of her case"); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir.1994), (while a "settlement offer, by itself, may not be determinative, it counts for something");

> *Wilson v. Belin,* 20 F.3d 644, 651 n. 8 (5th Cir.1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000, it is 'apparent' that removal was proper.") . . . .
>
> This evidence is sufficient to establish the amount in controversy .... The undisputed evidence shows that *Cohn* values his trademark rights the object of the litigation — as worth more than $100,000. As the amount in controversy exceeded $75,000, the case was properly removed to federal court. [*Id.* at 840 (emphasis added).]

*In Guillen v. Kindred Healthcare Operating, Inc.*, 2018 WL1183354 (C.D. Cal.2018) employees sued employer in State court for wrongful termination. Defendant/employer removed the case to Federal court claiming diversity of citizenship and the claims were over $75,000 (jurisdictional threshold). The plaintiffs argued there was no proof that their claims were over $75,000. The defendant submitted plaintiffs' settlement letters which included demands for $345,000 and $395,000. Plaintiffs argued that the settlement letters were protected under Rule 408. The Court held they were admissible stating:

> In support of its position, <u>Defendant has submitted two settlement demand letters</u>. Each is dated June 8, 2017 and was sent by Plaintiffs' counsel to Defendant. <u>One of the letters demands $345,000 to resolve the claims advanced by Chapin (*Id*. at 11) and the other seeks $395,000 to resolve the claims</u> advanced by Guillen (*Id*. at 22). Defendant argues that the letters constitute an admission by Plaintiffs that the amount in controversy is more than $75,000.
>
> <u>In general, settlement offers are inadmissible under Fed. R. Evid. 408. Rule 408 precludes their use for the purpose of showing "liability for or invalidity of the claim or its amount,"</u> **but not in connection with evaluating the amount in**

**controversy in an action**. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.3 (9th Cir.2002). *Cohn* held that a "settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Id*. at 840., the letters provide detailed bases for the demands. The Chapin letter states that "should this matter go to a jury, we will present damages that, coupled with punitive damages and PAGA penalties, will easily surpass $500,000." Dkt. 20–1 at 11. The Guillen letter asserts that the claim for damages presented at trial would likely be greater than $800,000. *Id*. at 22. As in Cohn, these letters reflect that Plaintiffs value their claims well above $75,000.

* * * *

For these reasons, the settlement demand letters are admissible for the limited purpose of calculating the amount in controversy as to each Plaintiff. Given their detailed demands, they are "sufficient to establish the amount in controversy" as to each of them. [*Id.* at *3 *4; emphasis added; some citations omitted.]

In *McPhail v. Deer & Co*., 529 F 3d 947 (10th Cir.2008), a farmer who was injured in a tractor accident brought a products liability action in State court against tractor manufacturer. Defendant removed the case to Federal court. Plaintiff objected to removal to Federal court on jurisdictional grounds. The District Court held that plaintiff's settlement letters could be considered to determine the jurisdictional amount. Plaintiff appealed to the Tenth Circuit. The appellate court held:

> **Furthermore, a plaintiff's proposed settlement amount "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."** *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir.2002). **Acknowledging that the use of a settlement offer would not be permissible at trial as evidence to establish " 'liability for or invalidity of the claim or its amount,' " the Ninth Circuit has held that it is permissible for a district court to**

**consider settlement offers when deciding the jurisdictional question. *Id.* at n. 3 (quoting Fed. R.Evid. 408). We agree.** The amount in controversy is not proof of the amount the plaintiff will recover., it is an estimate of the amount that will be put at issue in the course of the litigation. To this end, documents that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability.

* * * *

**Deere also incorporated several emails and letters that shows that counsel for Deere had a conversation with one of Mrs. McPhail's attorneys that included a discussion of the value of the claim.** [*Id.* at 956 (emphasis added).]

In *Vermande v. Hyundai Motor America, Inc.*, 352 F. Supp. 2d 195 (D. Conn. 2004), a car buyer filed suit in state court against the manufacturer and sent a settlement demand for $154,000. Defendant removed. Plaintiff objected. The Court then held:

> **[M]ost courts have sensibly concluded that Rule 408 does not prevent them from considering a settlement demand for purposes of assessing the amount in controversy. Rule 408 disallows use of settlement letters to prove 'liability for or invalidity of the claim or its amount.' We agree with the district court that Rule 408 is inapplicable because this evidence was not offered to establish the amount of [Defendant's] liability, but merely to indicate [Plaintiff's] assessment of the value of the trademark.");** Archer, 271 F.Supp.2d at 1322–23 (settlement demand letter need not be excluded under Rule 408 if offered for another purpose, and finding that "another acceptable purpose is to show that the amount in controversy exceeds $75,000 and, together with complete diversity of the parties, to establish removal jurisdiction .... [T]he letter is not being offered as an admission of liability or the amount of liability. Further, the purpose of Fed. R.Evid. 408, to encourage settlements, is not undermined by use of a demand letter in a notice of removal.")[.]

**Here, the July 8 facsimile is not offered for the purpose of establishing or fixing the amount of Defendants' liability or even the amount of Plaintiffs' damages but rather merely to provide some evidence of the sums that are in dispute in this action.** [*Id.* at 202 (emphasis added; some citation omitted).]

Accord:  In *Chase v. Shop N' Save Warehouse Foods, Inc.*, 110 F.3d 424 (7th Cir.1997).

3.    **Complete Diversity of Citizenship Exists.**  There is complete diversity of citizenship between Plaintiffs and Defendant in this action.

*Regarding Plaintiffs*, the Complaint states that they are residents of White Bear Lake, Minnesota. (Ex. A, ¶1)

*Regarding Defendant*, which is a corporation, a two-prong analysis is required.  28 U.S.C. § 1332(c)(1) states that for diversity jurisdiction purposes, ***"a corporation shall be deemed to be a citizen of any State by which it has been incorporated <u>and</u> of the State where it has its principal place of business."***

Under the first prong of this statute, Defendant was incorporated or formed in Delaware.  (Declaration of Chad P. Love.)

Under the second prong, the U.S. Supreme Court held in *Hertz Corp v. Friend*, 559 U.S. 77, 130 S.Ct. 118, 1175 L.Ed.2d 1029 (2010) that the principal place of business is the location of the "nerve center" of the corporation – i.e., "that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's

activities," adding that "the 'nerve center' will typically be found at a corporation's headquarters."

Plaintiffs' Complaint also names John Doe Defendants and other fictitious "Doe Defendants". However, that does not destroy diversity jurisdiction. 28 U.S.C. § 1441(b)(1) states:

> In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

Based on the foregoing, this case should be removed to the United States District Court for the District of Hawaii pursuant to 28 U.S.C. §§ 1332 and 1441 because: (1) Plaintiffs are citizens of the State of Minnesota; (2) Defendant is a citizen of Delaware and Missouri; and (3) the amount in controversy exceeds $75,000, exclusive of costs and interest.

**C.   PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

The United States District Court for the District of Hawaii embraces the county in which the state court action is now pending. Therefore, this action is properly removed to the United States District Court for the District of Hawaii pursuant to 28 U.S.C. § 91.

Pursuant to 28 U.S.C. § 1446(a) Defendant is filing this Notice of Removal with the Complaint by Plaintiffs, which is all the process, pleadings, and orders served upon such defendant or defendants in such action.

Pursuant to 28 U.S.C. § 1446(d), Defendant is serving written notice of this removal upon all adverse parties and will file a copy of the notice with the Clerk of the State court in which this action is currently pending.

WHEREFORE, Defendant respectfully removes this action from the Circuit Court of the Third Circuit, State of Hawaii, to the United States District Court for the District of Hawaii, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

DATED: Honolulu, Hawaii, March 23, 2022.

/s/ Chad P. Love
CHAD P. LOVE
BARBARA J. KIRSCHENBAUM

Attorneys for Defendant
EAN HOLDINGS, LLC dba
ENTERPRISE RENT-A-CAR